**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

-----------------------------------------------------x
SHIRLEY STEARNS, et al., :
: Case No. 17-cv-00131 (RCL)
Plaintiffs, :
:
-against- :
:
ISLAMIC REPUBLIC OF IRAN, :
:
Defendant. :
-----------------------------------------------------x

**MOTION FOR SUBSTITUTION OF JESSICA M. GREEN AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF PLAINTIFF MARK FINKEN**

Plaintiffs respectfully request that the Court grant Plaintiffs' request to substitute "Jessica M. Green, as Personal Representative for the Estate of Mark Finken," in place of "Mark Finken," listed in the Amended Complaint, ECF No. 9, at ¶¶ 509, 514.

## I. Background

The Amended Complaint in this case, filed on March 22, 2018, brought solatium claims under an intentional infliction of emotional distress ("IIED") theory pursuant to 28 U.S.C. § 1605A(c) on behalf of Mark Finken. *See* ECF No. 9, ¶¶ 509, 514. The Amended Complaint alleges that Mr. Finken was the brother of Paul Finken, who was killed in an attack in Baghdad on November 2, 2006, while serving as a member of the United States Army. *Id.*, ¶¶ 497-499.

Mr. Finken died on July 5, 2023. His death certificate reflects that he was domiciled at the time in Iowa. *See* **Exhibit A**. Mr. Finken's daughter, Jessica M. Green, was named personal representative of Mr. Finken's estate by the State of Iowa's Probate Court for Crawford County on November 12, 2024. *See* **Exhibit B.**

## II. Iowa's Code Permits Personal Representatives to Continue "All Actions and Claims."

Whether Jessica M. Green, as Personal Representative for the Estate of Mark Finken, may substitute as Plaintiff is governed by state law. *See Anderson v. Islamic Republic of Iran*, 753 F. Supp. 2d 68, 82 (D.D.C. 2010). The laws of the State of Iowa govern the substitution requested, as Mark Finken passed away on July 5, 2023, while domiciled in Iowa, following which Jessica M. Green was appointed Personal Representative of his estate by the State of Iowa's Probate Court for Crawford County on November 12, 2024. *See* Exhibits A and B.

Iowa's survival statute is found at Iowa Code §§ 611.20-611.22. As the Iowa Supreme Court has stated, "Iowa Code section 611.20 … provides, 'All causes of action shall survive and may be brought notwithstanding the death of the person entitled or liable to the same.' Iowa Code § 611.20 (2015). Furthermore, 'Code §§ 611.20, 611.22 and 633.336 and their predecessors have consistently been held to vest the right to recover … exclusively in the estate representative.'" *Roth v. Evangelical Lutheran Good Samaritan Soc'y*, 886 N.W.2d 601, 605 (Iowa 2016), *quoting Egan v. Naylor*, 208 N.W.2d 915, 918 (Iowa 1973). Accordingly, Jessica M. Green, as Personal Representative for the Estate of Mark Finken, may continue this action on behalf of said estate.

## III. Plaintiffs Respectfully Request Waiver of Federal Rule of Civil Procedure 25(a)(3)'s Requirement to Serve Defendant the Islamic Republic of Iran.

In other cases brought against the Defendant Islamic Republic of Iran under the terrorism exception to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A, courts in this District have *sua sponte* substituted estate representatives in the place of deceased plaintiffs even without a request by the plaintiffs under Federal Rule of Civil Procedure 25(a) governing substitution for deceased parties. *See Manouchehr Mohammadi v. Islamic Republic of Iran*, 947 F. Supp. 2d 48, 54 n.2 (D.D.C. 2013) ("Although Rule 25 is normally applied when a party dies during the pendency of an action, the Court finds substitution to be appropriate in this case. Therefore, to the

extent that Akbar Mohammadi is a named plaintiff, the Court *sua sponte* substitutes Nasrin Mohammadi, the representative of the estate of Akbar Mohammadi, in the place of Akbar Mohammadi as the proper party in this action."). *See also Bluth v. Islamic Republic of Iran*, 203 F. Supp. 3d 1, 22 n.17 (D.D.C. 2016) (citing *Mohammadi* for the proposition that, following the death of one of the plaintiffs during the pendency of that litigation, "the Court may, *sua sponte*, substitute an appropriate person, such as a close relative, as a representative of her estate").

Moreover, where plaintiffs in cases against non-appearing defendants have filed motions seeking substitution under Rule 25, courts in this District have held that the plaintiffs do not need to comply with Rule 25(a)(3)'s requirement that the "motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." *See Barry v. Islamic Republic of Iran*, 437 F. Supp. 3d 15, 41 n.31 (D.D.C. 2020) ("Defendant Iran has not appeared in this suit, and the Clerk of the Court has entered default as to Iran with respect to the Smith Plaintiffs. Thus, the Smith Plaintiffs need not take further action, beyond filing a motion, to comply with Rule 25(b))."

Plaintiffs respectfully request waiver of the service rule here, as the Clerk of the Court entered default against the Defendant on February 27, 2017, ECF No. 30. Additionally, Plaintiffs represent Jessica M. Green in her capacity as Personal Representative for the Estate of Mark Finken, and accordingly do not need to serve her under Rule 25(b) either.[1]

[1] Because no formal "service of a statement noting the death" has been filed, Rule 26(a)(1), Plaintiffs' motion for substitution under Rule 25 is timely. *See Daskalea v. Wash. Humane Soc'y*, 275 F.R.D. 346, 369 (D.D.C. 2011) (holding that "the ninety-day period under Rule 25(a)(1) is not triggered unless a formal suggestion of death is made on the record, regardless of whether the parties have knowledge of a party's death.") (internal citations omitted).

## CONCLUSION

Plaintiffs respectfully request that the Court substitute "Jessica M. Green, as Personal Representative for the Estate of Mark Finken," in place of "Mark Finken," listed in the Amended Complaint, ECF No. 9, at ¶¶ 509, 514.

Dated: April 28, 2025
Mount Pleasant, South Carolina

Respectfully submitted,

**MOTLEY RICE LLC**

By: /s/ John M. Eubanks

John M. Eubanks (DC Bar No. SC0013)
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
jeubanks@motleyrice.com
Tel.: (843) 216-9000

Attorney for Plaintiffs